AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

United States of America )
v. )
) Case No: 1:17-cr-00162-02
Nansi Juarez-Robles )
) USM No: 15873-028
Date of Original Judgment: 1/9/2019 )
Date of Previous Amended Judgment: ) Harold S. Ansell
*(Use Date of Last Amended Judgment if Any)*    *Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
  ☒ **DENIED.**   ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   01/09/2019   shall remain in effect.
**IT IS SO ORDERED**.

Order Date:   08/23/2024

*Judge's signature*

Effective Date: _____   Honorable James R. Sweeney, II
*(if different from order date)*    *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-0162-JRS-MJD |
| | ) | |
| NANSI JUAREZ-ROBLES, | ) | -02 |
| | ) | |
| Defendant. | ) | |

**Order on Motion for Sentence Reduction and Case Status**

Nansi Juarez-Robles was sentenced to 168 months' imprisonment after pleading guilty to one count of Conspiracy to Possess with Intent to Distribute and to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of Conspiracy to Engage in Monetary Transactions in Property Derived from Specified Unlawful Activity in violation of 18 U.S.C. §§ 1956(h) and 1957. (J. 1–2, ECF No. 518.) This matter is now before the Court on Juarez-Robles's motion for case status, (ECF No. 869), which is **granted**, and her motion to reduce her sentence under 18 U.S.C. § 3582, USSG § 1B1.10, and Amendment 821 to the Sentencing Guidelines, (ECF No. 850), which is **denied**.

## I.     Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at USSG § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect

certain amendments to the Sentencing Guidelines. Those amendments are set forth in § 1B1.10(d). Amendment 821, Part B, "Zero-Point Offenders," allows a two-level reduction in offense level to certain offenders with no prior criminal history. The Court must consider the 18 U.S.C. § 3553(a) factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10, comment (n.1(B)).

## II. Discussion

Juarez-Robles was sentenced to 120 months' imprisonment. The Court adopted the presentence investigation report prepared by the U.S. Probation Office. The base offense level for Count One, the conspiracy count, was 33. (Presentence Investigation Report ¶ 26, ECF No. 482.) Ordinarily, the base level would have been 36 because the offense involved at least 15 kilograms but less than 45 kilograms of methamphetamine; however, because Juarez-Robles received a mitigating role adjustment under USSG § 3B1.2, three additional levels were subtracted. (*Id.*) Two levels were added under USSG § 2D1.1(b)(1) because Juarez-Robles possessed a firearm during the offense. (*Id.* ¶ 27.) Two levels were subtracted under USSG § 3B1.2(b) because Juarez-Robles was a minor participant in any criminal activity. (*Id.* ¶ 28.) The adjusted offense level for this count was 33. (*Id.* ¶ 30.) The base offense level for Count Fourteen, the charge under 18 U.S.C. § 1956, was 35 because the offense level for the underlying offense from which the laundered funds were derived was 33 and to which 2 levels were added under USSG 2D1.1(b)(1) because a dangerous weapon was possessed. (*Id.* ¶ 31.) One level was added because Juarez-Robles was convicted under § 1957. (*Id.* ¶ 30.) As with Count One, two levels were

2

subtracted for her minor role. (*Id.* ¶ 32.) The adjusted offense level for this count was 34; because this is the greater of the two adjusted offense levels, it used to calculate the total offense level. (*Id.* ¶¶ 36, 37.) Three levels were subtracted for Juarez-Robles's acceptance of responsibility, yielding a total offense level of 31. (*Id.* ¶¶ 39–41.) With a criminal history category of I, the guideline range was 108 to 135 months' imprisonment; however, because Count One carried a minimum sentence of 120 months, the guideline imprisonment range was 120 to 135 months. (*Id.* ¶ 71.) The Court imposed a sentence of 120 months.

Juarez-Robles argues that Amendment 821 should give her a two-level reduction as a zero-point offender. (Motion 2, ECF No. 850.) The Government argues that Juarez-Robles is ineligible because she possessed firearms in connection with her offenses. (Gov't's Opp. 5, ECF No. 855.) The Government is correct. Although Juarez-Robles did not have any criminal history points, Amendment 821 applies only to those zero-point offenders who also meet certain criteria. A defendant is not eligible for the reduction if, among other things, she "possess[ed] . . . a firearm . . . in connection with the offense." USSG § 4C1.1(a)(7). Juarez-Robles possessed a firearm in relation to the methamphetamine charge; therefore, Amendment 821 does not apply to her case. Even if Amendment 821 did apply here, it would not alter the statutory minimum sentence of 120 months.

The 120-month term of imprisonment remains as imposed at sentencing.

3

### III.  Conclusion

The Court finds that Amendment 821 does not change the applicable guideline range nor her offense level, so Juarez-Robles's Motion to Reduce Sentence, (ECF No. 850), is **denied** for at least this reason. Juarez-Robles's Motion for a Case Status, (ECF No. 869), is **granted** as this Order decides all pending matters.

**SO ORDERED.**

Date: 09/04/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

Nansi Juarez-Robles
Reg. # 15873-028
FCI Aliceville
Federal Correctional Institution
P.O. Box 4000
Aliceville, AL 35442

Distribution by CM/ECF to all counsel of record